LARS T. FULLER (No. 141270)
SAM THAERIAN (No. 170953)
THE FULLER LAW FIRM
60 No. Keeble Ave.
SAN JOSE, CA 95126
Tel:(408)295-5595
Fax:(408)295-9852

Attorney for Plaintiff(s)
EDWIN L. PINA and MAILENE MAC

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: | Case No.: 09-57362-RLE |
| | Adv. No.: |
| EDWIN L. PINA and MAILENE MAC aka MAILENE MY MAC | CHAPTER 13 |
| Debtor(s) | **COMPLAINT TO RECOVER FUNDS SEIZED 11 USC 547 (B) AND FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY** |
| EDWIN L. PINA and MAILENE MAC aka MAILENE MY MAC | |
| Plaintiff(s), | |
| vs. | |
| PREM P. GUPTA and CRAIG J. BASSETT | |
| Defendant(s) | |

COME NOW Plaintiff(s) Edwin L. Pina and Mailene Mac Debtors and Plaintiffs in the above-captioned matter and allege as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs commenced Case No. 09-57362-RLE by filing a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Northern District of California, San Jose Division on or about August 31, 2009.

2. This is an adversary proceeding to recover funds seized, pursuant to a wage garnishment order, from Plaintiff's wages. It is also an adversary proceeding for contempt for willful violation of the automatic stay under 11 USC §362.

3. This Court has jurisdiction to hear these proceedings pursuant to 28 USC § 1334. This is a core proceeding pursuant to 28 USC §157 because it involves substantive rights of the debtor.

4. Plaintiff is informed and believes that defendant Prem P. Gupta is a creditor who does business in the United States and in this District.

5. Plaintiff is informed and believes that defendant CRAIG J. BASSETT is the Attorney of record representing defendant Prem P. Gupta who does business in the United States and in this District.

6. From June 2009 to August 2009 pursuant to a wage garnishment order, defendants, acting as agents, assignees, successors in interest of each other, garnished Plaintiff's wages, obtaining approximately $3,201.16.

7. This garnishment was for an antecedent debt, and within 90 days of the filing of the bankruptcy petition herein.

8. Pursuant to 11 U.S.C. §547(b) this debt is recoverable.

9. Both creditors, Prem P. Gupta and CRAIG J. BASSETT, were scheduled as creditors and received notice of Debtor's Bankruptcy filing.

10. On November 11 2009, and again on December 14, 2009, Plaintiff, by and through his counsel, communicated through first class mail and/or telephonically, with

defendants and/or its agents, and demanded that they return said funds. Defendants have willfully refused to do so

11. Notwithstanding notice and notwithstanding the automatic stay under 11 USC §362, beginning in September 2009 and ending in November 2009, defendants, acting as agents, assignees, successors in interest of each other, garnished Plaintiff's wages, obtaining approximately $2,027.27.

**FIRST CAUSE OF ACTION**
(Against both Defendants)

12. Plaintiff re-alleges as though fully set forth herein the allegations set forth in paragraph 1 through 11, inclusive above.

13. From June 2009 to August 2009, Defendants garnished approximately $3,201.16 from Plaintiff's paychecks.

14. This garnishment was for an antecedent debt, and within 90 days of the filing of the bankruptcy petition herein.

15. Pursuant to 11 U.S.C. §547(b) this debt is recoverable.

**SECOND CAUSE OF ACTION**
(Against both Defendants)

16. Plaintiff re-alleges as though fully set forth herein the allegations set forth in paragraph 1 through 15, inclusive above.

17. Defendants had actual notice of Debtor's bankruptcy filing from the Clerk of the Court.

18. Notwithstanding 11 USC §362, Defendants have proceeded with their collection activities against Debtor, collecting $2,027.27 from Debtor.

WHEREFORE, Plaintiff prays for judgment as follows:

a. Against both Defendants, for turnover to the debtor of all sums garnished within 90 days of the filing of the petition;

b. Against both Defendants, for turnover to the debtor of all sums garnished after the filing of the petition;

c. Against both Defendants, for punitive damages for willful violation of the automatic stay;

d. An order enjoining all defendants from seizing, garnishing, levying, attaching, or in any way interfering with property rights of Debtor, or in any other way attempting to collect pre-judgment debts of Debtor;

e. For the costs and attorney fees incurred in bringing this action, according to proof at time of trial, but no less than $1,500;

f. For such other and further relief as the Court may find proper.

Dated: February 16, 2010

                        THE FULLER LAW FIRM

                        By: */s/Sam Taherian*
                             Sam Taherian
                        Attorney for Plaintiff(s)/Debtor(s)