LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EDWIN L. PINA and MAILENE MAC aka MAILENE MY MAC<br><br>Debtor. | CASE No. 09-57362-RLE<br><br>AP No. 10-05056-RLE<br><br>Chapter 13<br><br>*AMENDED*<br>**DEBTORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**<br><br>Date:      May 27, 2010<br>Time:      10:30 A.M.<br>Location:  United States Bankruptcy Court<br>           280 South First Street<br>           Room 3035<br>           San Jose, CA 95113<br><br>Judge:     **Hon. Roger L. Efremsky** |
| EDWIN L. PINA and MAILENE MAC aka MAILENE MY MAC<br><br>    Plaintiffs,<br><br>Vs.<br><br>PREM P. GUPTA and CRAIG J. BASSETT<br><br>    Defendants | |

1

FULLER LAW FIRM
60 N. KEEBLE AVE
SAN JOSE, CA 95125

# Table of Contents

I. SUMMARY OF ARGUMENT ........................................................................... 4
II. FACTUAL BACKGROUND ............................................................................. 4
III. LEGAL ANALYSIS ........................................................................................... 6
   A. DISMISSAL OF AN ADVERSARY PROCEEDING FOR RECOVERY OF FUNDS PURSUANT TO 11 USC §362 IS IMPROPER WHERE THE DEFENDANT WAS ATTORNEY OF RECORD WHEN FUNDS WERE SEIZED, AND A TRIABLE ISSUE OF FACT EXISTS AS TO WHETHER DEFENDANT RECEIVED THE FUNDS ........................................ 6
      1. Defendants' motion admits that Mr. Bassett was Mr. Gupta's attorney of record in the State Action .......................................... 6
      2. Mr. Bassett's declaration denying receipt of 362 funds is contradicted by earlier oral statements of Mr. Gupta .................. 6
   B. DISMISSAL OF AN ADVERSARY PROCEEDING FOR RECOVERY OF FUNDS PURSUANT TO 11 USC §362 IS IMPROPER WHERE THE DEFENDANT HAD NOTICE OF THE BANKRUPTCY, FAILED TO ADVISE THE SHERRIF, RECEIVED THE FUNDS, AND HAS NOT YET FULLY RETURNED THE FUNDS ................................................... 7
      1. Mr. Gupta had notice of the bankruptcy petition ......................... 7
      2. Despite notice of the bankruptcy filing, Mr. Gupta did not stop the garnishment until November 2009 ................................. 7
      3. Trustee's request that Debtors take steps to stop the wage garnishment is not a defense to violation of 11 USC §362 .......... 7
      4. A triable issue of fact exists as to whether Mr. Gupta has returned the entire amount of the 362 funds ............................. 8
      5. A triable issue of fact exists as to whether Mr. Gupta's violation of 11 USC §362 was willful ........................................... 9
   C. DISMISSAL OF AN ADVERSARY PROCEEDING FOR RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 USC §547 IS IMPROPER WHERE A TRIABLE QUESTION OF FACT EXISTS AS TO WHETHER THE DEBTORS ARE SUBJECT TO THE LIMITS OF 11 USC §547(C)(8) OR 11 USC §547(C)(9) ................................................. 9
      1. The minimum recovery limit set forth in 11 USC §547(C)(9) applies to cases filed by individual debtors whose debts are not primarily consumer debts ............................................................. 9
      2. A triable issue of fact exists as to whether Debtors' debts are primarily consumer debts .............................................................. 10
   D. DISMISSAL OF AN ADVERSARY PROCEEDING FOR RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 USC §547 IS IMPROPER WHERE DEBTORS HAVE DISCLOSED IN THEIR SCHEDULE B, AND FULLY EXEMPTED IN THEIR SCHEDULE C, THE RIGHT TO RECOVER PREFERENCE FUNDS ........................... 10
      1. Debtors have listed in their schedule B, the right to recover the preferences ............................................................................... 10

| | | |
|---|---|---|
| | 2. Debtors have exempted, in their schedule C, the right to recover the preferences | 10 |
| IV. | CONCLUSION | 10 |

## I. SUMMARY OF ARGUMENT

In a complaint to recover funds seized in violation of 11 USC §362, defendants' motion to dismiss must be denied where:

1. One defendant was attorney of record for party who received the funds, had notice of bankruptcy petition, and a triable issue of facts exists as to whether he received funds seized post-petition; and

2. The other defendant is the party who received the funds, and admits having notice of bankruptcy, and

    a. a triable issue of fact exists as to whether he has returned all funds seized in violation of 11 USC §362, and

    b. a triable issue of fact exists as to whether the violation of 11 USC §362 was willful, entitling plaintiff to increased damages.

Furthermore, in a complaint to recover funds pursuant to 11 USC §547, defendants' motion to dismiss must be denied where:

1. The funds exceed $600, but are less than $5,850, and a tirable issue of fact exists as to whether the applicable preference limits are those set forth in 11 USC §547(c)(9) or 11 USC §547(c)(8); and

2. Debtors have listed the right to recover said funds in their Schedule B, and have fully exempted said right in their Schedule C.

## II. FACTUAL BACKGROUND

Debtors, Edwin Pina and Mailene Mac (hereinafter "Debtors") were defendants in a State Court Complaint filed by Craig Bassett, Esq. (hereinafter "Mr. Bassett") on behalf of Mr. Prem Gupta (hereinafter "Mr. Gupta"). Pursuant to a judgment, several thousand dollars of Mr. Pina's wages were garnished. On August 31, 2009, Debtors filed the instant bankruptcy petition.

At the time the petition was filed, Mr. Bassett was Mr. Gupta's attorney of record in the Stat Court action. Debtors' schedule F listed Mr. Gupta, c/o Mr. Bassett.

Within 90 days prior to the filing of bankruptcy, over $3,000 of funds had been garnished from Mr. Pina's paycheck. After the filing of bankruptcy, approximately $2,000 of funds were garnished from Mr. Pina's paycheck.

On November 2, 2009, Debtors' counsel corresponded to Mr. Bassett, demanding refund of funds seized in violation of 11 USC §362 (hereinafter "362 funds") and preference funds, pursuant to 11 USC §547 (hereinafter "547 funds").

On November 3, 2009, Mr. Bassett corresponded to Debtors' counsel, denying representing Mr. Gupta, and also denying having received either 362 funds or 547 funds. Thereafter, Debtors' counsel orally communicated with Mr. Gupta, who contradicted Mr. Bassett. Specifically, Mr. Gupta asserted that Mr. Bassett is still Mr. Gupta's attorney, and that Mr. Bassett received all monies. Thereafter, Mr. Gupta contacted Debtor's counsel, advised counsel that Mr. Bassett had been terminated. Mr. Gupta also stated that he (Mr. Gupta) would be going on a short, trip, and in early 2010, Mr. Gupta would reimburse all funds improperly seized.

On February 23, 2010, Debtors filed the instant adversary proceeding, seeking to recover the 362 funds and 547.

On April 12, 2010, Mr. Gupta sent a check to Debtor's counsel, purportedly representing the entire 362 funds. The check was less than accounting provided by Debtor's employer.

In subsequent conversations, Mr. Gupta, for the first time, orally represented that Mr. Bassett did not receive any 547 funds.

On April 23, 2010, Mr. Bassett filed a motion to dismiss under 12(b)(6) for lack of jurisdiction as to Mr. Bassett. On April 30, 2010, Mr. Gupta filed a joinder to the motion to dismiss.

The motion and the joinder are unmeritorious, and therefore, should be denied.

### III. LEGAL ANALYSIS

A. DISMISSAL OF AN ADVERSARY PROCEEDING FOR RECOVERY OF FUNDS PURSUANT TO 11 USC §362 IS IMPROPER WHERE THE DEFENDANT WAS ATTORNEY OF RECORD WHEN FUNDS WERE SEIZED, AND A TRIABLE ISSUE OF FACT EXISTS AS TO WHETHER DEFENDANT RECEIVED THE FUNDS

1. Defendants' motion admits that Mr. Bassett was Mr. Gupta's attorney of record in the State Action

Moving papers filed by Mr. Bassett and Mr. Gupta clearly indicate that Mr. Bassett was attorney of record in the State Action.

Mr. Bassett represents that he advised the Sheriff of Mr. Bassett's withdrawal of representation. But Mr. Bassett seems to admit that, even now, he has failed to file an attorney substitution in the State Court.

2. Mr. Bassett's declaration denying receipt of 362 funds is contradicted by earlier oral statements of Mr. Gupta

Mr. Bassett's declaration (document 4-2 in the AP, filed on 4/23/10) indicates that Mr. Bassett did not receive any 362 funds (4/23/10) (Id at paragraph 10, page 3). But in earlier conversations, Mr. Gupta contradicted this. Admittedly, Mr. Gupta later stated that Mr. Bassett did not receive any 547 funds, which tends to indicate that Mr. Bassett also did not receive 362 funds. But there is no supporting declaration from co-defendant Mr. Gupta.

Until a corroborating declaration is filed by Mr. Gupta, a triable issue of fact exists as to whether Mr. Bassett received any 362 funds.

## B. DISMISSAL OF AN ADVERSARY PROCEEDING FOR RECOVERY OF FUNDS PURSUANT TO 11 USC §362 IS IMPROPER WHERE THE DEFENDANT HAD NOTICE OF THE BANKRUPTCY, FAILED TO ADVISE THE SHERRIF, RECEIVED THE FUNDS, AND HAS NOT YET FULLY RETURNED THE FUNDS

### 1. Mr. Gupta had notice of the bankruptcy petition

Mr. Bassett's declaration indicates that Mr. Bassett forwarded the bankruptcy packet to Mr. Gupta. (Id at page 3, paragraph 13).

Mr. Bassett's declaration also indicates that Mr. Gupta was present at the meeting of the creditors. (Id at page 6, paragraph 24).

Mr. Gupta's own hand-written correspondence also confirms that Mr. Gupta was present at the meeting of the creditors. (Exhibit J to motion of Mr. Bassett)

If Mr. Gupta attended the meeting of the creditors, he *must have had notice* of the bankruptcy filing!

### 2. Despite notice of the bankruptcy filing, Mr. Gupta did not stop the garnishment until November 2009

Mr. Bassett's declaration indicates that Mr. Gupta did not contact the Sheriff until November 23, 2009, a full *three months* after the filing of bankruptcy! (Id at page 5, paragraph 19).

Mr. Gupta's own hand-written not to the Sheriff is dated November 23, 2009. (Exhibit G to Mr. Bassett's motion)

### 3. Trustee's request that Debtors take steps to stop the wage garnishment is not a defense to violation of 11 USC §362

Mr. Bassett's declaration indicates that during the meeting of creditors the Trustee had
7
*AMENDED* MPA IN OPPOSITION TO MOTION TO DISMISS
Case: 10-05056  Doc# 9  Filed: 05/11/10  Entered: 05/11/10 10:45:37  Page 7 of 11

"instructed" Debtor's counsel to contact employer to stop garnishment. (Id at page 6, paragraph 23)

Mr. Gupta's own handwritten correspondence states that Debtor's counsel "completely ignored the Trustee's instructions and did not contact Pina's employer". (Exhibit J to Mr. Bassett's motion)

Mr. Gupta's opposition also states that the Trustee "specifically instructed Sam Thaerian (sic.) to contact Debtor's employer to cease the garnishment." (Mr. Gupta's opposition, page 2, line 18).

Unfortunately for counsel, this argument *underscores* that as of the meeting of creditors, the garnishment was still in force! The meeting of creditors was held on October 19, 2009. The bankruptcy petition was filed on August 31, 2009. And Mr. Bassett admits having received and forwarded the bankruptcy packet on September 16, 2009. (Mr. Bassett's declaration, page 4, paragraph 13).

Why was the garnishment still in force on October 19, 2009?

Furthermore, counsel's reliance on the Trustee's request is misplaced. Trustee is not a judge. She cannot shift the burden of 11 USC §362 from the creditor to Debtor's counsel[1].

 4. <u>A triable issue of fact exists as to whether Mr. Gupta has returned the entire amount of the 362 funds</u>

Mr. Gupta has submitted to Debtor's counsel a check in the amount of $1,779.58. (Exhibit J to Mr. Bassett's declaration). But the adversary complaint alleges that the 362 funds are over $2,000. Neither Mr. Bassett nor Mr. Gupta have attached an accounting of 362 funds garnished.

---

[1] As a practical matter, this law firm has, in the past, attempted to stop wage garnishment by contacting an employer's payroll department. We were always advised that requests to stop garnishment must come from the Sheriff. And when this law firm has contacted sheriff's departments, we were always told that the request must come from judgment creditor, not the judgment debtor.

Furthermore, in subsequent conversations, Mr. Gupta admitted that approximately $30 of service fees, charged by the Sheriff, have not yet been refunded to Debtors. Therefore, there is no dispute that by Mr. Gupta is *still in violation* of 11 USC §362. The only triable question of fact is how much of the 362 funds remain un-refturned.

### 5. A triable issue of fact exists as to whether Mr. Gupta's violation of 11 USC §362 was willful

The facts indicate that Mr. Bassett received the bankruptcy notice in September, and immediately forwarded the notice to Mr. Gupta. Mr. Gupta attended the meeting of creditors in October. Mr. Bassett received a warning letter from Debtor's counsel on November 2, 2009. (Exhibit C to Mr. Bassett's motion). The request to stop wage garnishment was not made until November 23. Gutpa has still not refunded all of the 362 funds.

The undisputed facts seem to indicate that the violation of 11 USC §362 was willful. At the very least, a triable issue of fact exists.

## C. DISMISSAL OF AN ADVERSARY PROCEEDING FOR RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 USC §547 IS IMPROPER WHERE A TRIABLE QUESTION OF FACT EXISTS AS TO WHETHER THE DEBTORS ARE SUBJECT TO THE LIMITS OF 11 USC §547(C)(8) OR 11 USC §547(C)(9)

### 1. The minimum recovery limit set forth in 11 USC §547(C)(9) applies to cases filed by individual debtors whose debts are not primarily consumer debts

Mr. Bassett argues that because the garnishment was for business debts, preference recovery is limited to amounts in excess of $5,850 as set forth in 11 USC §547(C)(9).

Mr. Bassett misreads the statute.

The statute does *not* state that non-consumer debt preferences less than $5,850 cannot be recovered. The statute states that "in a case filed by an individual debtor whose debts are not

9

primarily consumer debts" preference amounts less than $5,850 cannot be recovered. And there is no evidence that Debtors' debts are not primarily consumer debts.

### 2. A triable issue of fact exists as to whether Debtors' debts are primarily consumer debts

Mr. Gupta seems to argue that Debtors' debts are not primarily consumer debts. (Mr. Gupta's joinder, document no. 6, filed on 4/30/10, page 2, line 14).

In fact, no numerical or legal analysis is provided. Therefore, there is a triable issue of fact as to whether Debtors' debts are primarily consumer debts, and dismissal is improper.

## D. DISMISSAL OF AN ADVERSARY PROCEEDING FOR RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 USC §547 IS IMPROPER WHERE DEBTORS HAVE DISCLOSED IN THEIR SCHEDULE B, AND FULLY EXEMPTED IN THEIR SCHEDULE C, THE RIGHT TO RECOVER PREFERENCE FUNDS

### 1. Debtors have listed in their schedule B, the right to recover the preferences

The court is asked to take judicial notice of Debtors' amended Schedule B, document number 39, filed in the instant bankruptcy petition.

### 2. Debtors have exempted, in their schedule C, the right to recover the preferences

The court is asked to take judicial notice of Debtors' amended Schedule C, document number 39, filed in the instant bankruptcy petition.

## IV. CONCLUSION

Notice of bankruptcy was served on Mr. Bassett, who was attorney of record for Mr.

10

Gupta. Mr. Bassett forwarded the notice to Mr. Gupta. Nonetheless, wage garnishment did not stop until some three months after the bankruptcy petition was filed. Furthermore, to date, some of the 362 funds have not been returned.

Mr. Bassett's declaration, denying receiving 362 and 547 funds, is not corroborated by his former client.

A triable issue of fact exists as to whether preference actions in this case are governed by the limits of 11 USC §547(C)(9).

The right to recover the preference funds are disclosed and fully exempted.

**WHEREFORE**, Debtor respectfully requests that the motion to dismiss be overruled,

Respectfully submitted.

DATED: May 11, 2010                    THE FULLER LAW FIRM

                                       By: /s/ Sam Taherian
                                           SAM TAHERIAN
                                           Attorneys for Debtors
                                           Edwin Pina and Mailene Mac