Craig J. Bassett (SB# 106825)
Attorney at Law
25 W. First Street
Morgan Hill, CA 95037-4559
TEL (408) 779-0007
FAX (408) 778-6005
EMAIL cbassett@garlic.com

Defendant *Pro Se*

UNITED STATES BANKRUPTCY COURT
                   NORTHERN DISTRICT OF CALIFORNIA, San Jose Division
                              U. S. Courthouse and Federal Building
               280 South First Street, 3rd Floor, San Jose, CA 95113-3099  (408) 278-7557

**FILED** APR 0 4 2011

| | |
|---|---|
| **Bankruptcy of:**<br><br>Edwin L. Pina and Mailene Mac aka Mailene My Mac,<br><br>Debtors,<br><br>EDWIN L. PINA, and MAILENE MAC aka MAILENE MY MAC,<br><br>Plaintiffs,<br>vs.<br><br>PREM P. GUPTA, and CRAIG J. BASSETT,<br><br>Defendants. | Case No. 09-57362-RLE (Chapter 13)<br><br>Adversary Proceeding No. 10-05056-RLE<br><br>**TRIAL BRIEF OF DEFENDANT BASSETT**<br><br>Trial:<br><br>*Date:* April 11, 2011<br>*Day:* Monday<br>*Time:* 1:30 p.m.<br>*Room:* 3099<br>*Judge:* Hon. Stephen L. Johnson<br>*Place:* U. S. Courthouse and Federal Building<br>      280 South First Street, 3rd Floor<br>      San Jose, CA 95113-3099<br>*Adversary Complaint Filed:* March 2, 2010 |

Under the scheduling order of this court entered December 3, 2010, defendant CRAIG J. BASSETT (Bassett) submits the following trial brief.

**1.      Substance of the Action.**

Debtors EDWIN L. PINA and MAILENE MAC (Pina/Mac) are suing judgment creditor Gupta and his once and former attorney Bassett in this adversary proceeding for allegedly violating the automatic stay of the Bankruptcy Code by failing to affirmatively stop a pre-petition garnishment of Pina's wages. Pina/Mac are also suing to recover alleged 90-day preference receipts by Guta.

- 1 -

Trial Brief of Defendant Bassett                                                                April 4, 2011

Case: 10-05056   Doc# 34   Filed: 04/04/11   Entered: 04/05/11 12:47:20   Page 1 of 11

## 2. Facts.

In November 2006 Pina/Mac signed a written lease to rent commercial space at the top of Dunne Avenue in Morgan Hill in a building owned by PREM P. GUPTA (Gupta). Pina/Mac defaulted on payment of rent. Gupta, represented by attorney Bassett, sued in state court for damages. The parties settled the case at mediation by signing a written settlement agreement in July 2008; however, Pina/Mac then defaulted by refusing to pay the installments due under that agreement. Under Code of Civil Procedure section 664.6, to enforce the settlement agreement, Bassett, on behalf of Gupta, moved for and obtained in August 2008 a money judgment for $60,000 against Pina/Mac and in favor of Gupta.

Post-judgment enforcement proceedings were initiated by Bassett who obtained a writ of execution on behalf of his client Gupta. In September 2008, based on this writ, Bassett gave instructions to the Sheriff of Santa Clara County and wage garnishment papers were served on Applied Materials, Pina's employer. In November 2008 Bassett began receiving garnishment checks of about $600 per pay period (semi-monthly) from the sheriff payable directly to himself. Later the same month Gupta met with Bassett at his office. In that meeting they agreed that Bassett would no longer represent Gupta in the Pina/Mac case. It may be presumed that Gupta wanted to "cut out the middleman" both to expedite payments direct to himself, and to vest sole control over receipts and post-judgment enforcement in himself.

There is a convenient method authorized under Code of Civil Procedure section 285.1 for an attorney once of record during the pendency of a *family law case* to withdraw *post-judgment* from representation of his client *without the consent of the client*, by simply filling out a judicial council form (FL-960), filing such notice with the family law court, and serving it on the former client and the adverse party by mail. By contrast, there is no such statutory method or judicial council form applicable in an ordinary *civil case*. Importantly, there is no requirement under state law that in post-judgment civil enforcement proceedings an attorney must file and serve a "Substitution of Attorney—Civil (Without Court Order)" form signed by himself and his client, or in the alternative, file and serve a formal motion to be relieved as counsel of record, both of which procedures have

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

- 2 -

Trial Brief of Defendant Bassett        April 4, 2011

convenient judicial council forms designed to accomplish these procedures. [*See* Judicial Council Forms, MC-050, 051, 052, and 053.] Unaware of any other effective method, Bassett did what he deemed appropriate under the circumstances as the final act concluding his representation of Gupta in the Pina/Mac matter: On November 19, 2008, Bassett sent a letter instructing the sheriff to send all future collections from wage garnishment directly to the judgment creditor (Gupta) at his post office box in San Martin. After a short processing delay of a month or so, the sheriff complied. All wage garnishment payments thereafter went direct to Gupta. At that point Bassett believed that he was *no longer* Gupta's attorney and that nothing more was necessary to be done to evidence that fact. He also believed that he *could not* legally act on behalf of Gupta in the future with respect to the Pina/Mac matter, other than perhaps perform ministerial acts, due to lack of authority. [*See* Civ. Code, § 2299 (actual agency created by agreement).] His right to receive payments on behalf of his former client had been revoked. [*Cf.* Code Civ. Proc., § 283(2) (normal authority of attorney includes to receive money claimed by his client after judgment).] Most certainly, if he did purport to act on Gupta's behalf in the future and send a bill for his services, he could have no realistic expectation to be paid for such work seeing as Gupta had discharged him.

After discharge Bassett received a notice of default and notice of trustee's sale from the trustee of a deed of trust encumbering Pina/Mac's home on Oak View Circle in Morgan Hill. Bassett passed these notices on to Gupta reminding him in cover letters dated respectively March 12 and April 27, 2009 that he (Bassett) did not represent Gupta in the Pina/Mac matter, but would nevertheless pass on any notices sent to him.

On August 31, 2009 Pina/Mac filed Chapter 13 bankruptcy. In the schedules Pina/Mac's attorneys (Fuller and Taherian) listed creditor Gupta and showed his address as "c/o Craig J. Bassett, Attorney at Law" giving Bassett's address for notice. On September 16, 2009 Bassett received the typical bankruptcy papers in the mail. He then forwarded these papers to Gupta coupled with an express warning and disclaimer by phone that he did not and would not represent Gupta in the bankruptcy proceeding or in any other way regarding Pina/Mac and advised Gupta to seek his own bankruptcy attorney if needed. In acquiescence to this, Gupta neither asked Bassett what to do, nor

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

- 3 -

Trial Brief of Defendant Bassett                                                April 4, 2011

gave any indication to Bassett that he could act on Gupta's behalf in the matter, should any action be necessary or appropriate.

On October 19, 2009 Gupta filled out by hand and filed a "Proof of Claim" using the pre-printed form which already had his address shown as the address c/o Bassett at his office address "where notices should be sent". (This part of the form had been filled in by the bankruptcy court based on the data provided by Pina/Mac's attorneys; it did not represent a conscious decision by Gupta that he was represented by Bassett in making such a claim and Bassett knew nothing about the filled out and filed form until many months later.) Gupta also attended the meeting of creditors on the same date.

On November 3, 2009, Bassett received a letter from Pina/Mac's attorney Sam Taherian (dated November 2, 2009) demanding an accounting, return of preference receipts (within 90 days before the bankruptcy filing), post-petition collections, and $450 of attorney fees and threatening legal action against Bassett personally, as well as Gupta, if not all paid within 10 days. Bassett had no documents (*i.e.*, receipts from sheriff) from which to render such an accounting, nor did he ever receive any funds within the demand period. The same day Bassett both telephoned Taherian and sent a letter in response explaining that he did not then represent Gupta in the Pina/Mac matter or in dealings with them, had not represented Gupta in such matters since November 19, 2008, received no funds from the sheriff, and did not advise and had not advised Gupta regarding bankruptcy matters or otherwise with respect to the Pina/Mac matter.

In reply to Bassett's letter, on November 11, 2009 Taherian wrote to Bassett and in it argued essentially that as a matter of law Bassett must be Gupta's attorney for life in any dealings with Pina/Mac, including bankruptcy matters, whether Bassett likes it or not and despite the prior discharge by that client and notice of the same to Taherian. However, at the same time and on the same date, in tacit acknowledgment of the lack of representation Taherian wrote a separate letter sent direct to Gupta detailing the debtors' demands to Gupta (copy sent to Bassett). Taherian openly acquiesced in the fact of Bassett's prior discharge because if Gupta were represented by Bassett then Taherian's communication with Gupta would otherwise constitute a clear violation by Taherian of

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

Case: 10-05056   Doc# 34   Filed: 04/04/11   Entered: 04/05/11 12:47:20   Page 4 of 11

the rules of professional conduct. [*See* Cal. Rules of Prof. Conduct, rule 2-100(A) (subject to exceptions not applicable here, "(w)hile representing a client, a member shall not communicate *directly* or *indirectly* about the subject of the representation with a party the member *knows* to be *represented* by another lawyer in the matter"— emphasis added).]

On November 23, 2009, *Gupta* sent a handwritten letter to the sheriff giving notice of Pina/Mac's bankruptcy and instructed the sheriff to stop garnishing wages. In March 2010 Pina/Mac commenced this adversary proceeding.

### 3.  Law and Analysis.

**ATTORNEY BASSETT WAS NOT A TRANSFEREE OF ANY PRE-PETITION ALLEGED PREFERENCE AND CANNOT THEREFORE BE LIABLE TO THE DEBTOR UNDER 11 U.S.C. § 547(b).**

11 U.S.C. section 547(b) provides in relevant part as follows:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property— (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made— (A) on or within 90 days before the date of the filing of the petition;

It is undisputed herein that Bassett was not a "creditor" of Pina/Mac at any time. More importantly though, Bassett did not receive any interest of the debtor within 90 days before the petition was filed on August 31, 2009 (back to June 2, 2009). Bassett was not a transferee of any such property or money. Therefore, Bassett cannot, as a matter of law, be liable to Pina/Mac in this adversary proceeding for any claimed preference receipts received by Gupta, and Gupta alone.

**BASSETT WAS IN FACT *NOT* THE ACTUAL AGENT OF GUPTA AT THE TIME NOTICE OF THE BANKRUPTCY PETITION WAS GIVEN AND THEREFORE CANNOT BE FOUND LIABLE TO PINA/MAC FOR ALLEGED WILLFUL VIOLATION OF THE STAY.**

"An agent is one who represents another, called the principal, in dealings with third persons. Such representation is called agency." [Civ. Code, § 2295.] Clients have the absolute right to

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

- 5 -

Trial Brief of Defendant Bassett                                                                                                          April 4, 2011

terminate their lawyer's services at any time with or without cause. [*Fracasse v. Brent* (1972) 6 Cal.3d 784, 790.] As mentioned above, *during the pendency of a civil action* an attorney of record for a party cannot withdraw from such representation without complying with one of two methods: (1) obtain the client's voluntary consent to a "Substitution of Attorney—Civil (Without Court Order)" form signed by himself and that client and then file and serve it on the adverse party, or (2) file and serve a formal motion to be relieved as counsel of record, wait for the hearing, and then be relieved as counsel of record by court order. Both of these procedures have convenient judicial council forms designed to accomplish them. [*See* Judicial Council Forms, MC-050, 051, 052, and 053.]

Once judgment is entered, however, and post-judgment enforcement proceedings commence, there is no requirement that an attorney representing a judgment creditor comply with either of these two methods in order to withdraw from representing his client. Although a convenient method is authorized in family law cases [Code Civ. Proc., § 285.1], there is no code section saying how an attorney withdraws in an ordinary civil case *post judgment*. "An attorney and counselor shall have authority: 1. To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise; 2. To receive money claimed by his client in an action or proceeding during the pendency thereof, or *after judgment*, unless a revocation of his authority is filed ..." [Code Civ. Proc., § 283 (emphasis added).] Whether or not Gupta or Bassett filed with the state court in the *Gupta v. Pina* case a formal revocation of his authority post-judgment has no bearing on whether Bassett was authorized by Gupta after November 19, 2008, to either bind his client or receive money on his behalf. All such authority had been in fact revoked by mutual agreement. And Bassett knew this. He accordingly took the step of notifying the sheriff in written instructions to send all future collections direct to the client Gupta. The sheriff complied.

Various cases have found liability for willful violation of an automatic stay against attorneys who are actually representing a judgment creditor at the time the stay is imposed. [*E.g.*, *In re Crawford*, 388 B.R. 506 (Bankr. S.D.N.Y. 2008) (agent held liable along with principal for willful

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

Case: 10-05056　Doc# 34　Filed: 04/04/11　Entered: 04/05/11 12:47:20　Page 6 of 11

stay violation).] This case is different. The central legal question in this case with respect to Bassett, and whether he "willfully" violated the automatic stay [see 11 U.S.C. § 362(k)(1)], turns on whether Bassett was the *actual* agent of Gupta at the time Pina/Mac's bankruptcy notice was received by him. The facts say no. Pina/Mac *argue* yes. Their argument, however, is not based on any credible material fact or the principles of agency, but rather relies only on the manner of service authorized for *notice* to judgment creditors post-judgment as found in state law.

Code of Civil Procedure section 684.010 provides in relevant part as follows (italics added):

> Subject to [CCP § 283 *et seq.*] ..., when a notice, order, or other paper is required to be served *under this title* on the judgment creditor, it shall be served on the judgment creditor's attorney of record rather than on the judgment creditor if the judgment creditor has an attorney of record.

Being an "attorney of record" for a judgment creditor in this sense for purposes of notice does not equate with being the judgment creditor's actual representative. This is a *notice* provision, not a forced representation provision. There is no statute known to this party saying to the contrary. When Pina/Mac's attorney (or the bankruptcy court) gave notice to Gupta of Pina/Mac's bankruptcy in September 2009 by mail, the papers were sent to Bassett, as the last known representative of that judgment creditor. Giving such a notice, however, does not force Bassett to be the attorney for Gupta, any more than sending notice of foreclosure imposes an obligation on a former attorney to do something about it.

As of many months previous to this notice—November 19, 2008, and thereafter, Bassett had not in fact been Gupta's attorney. When Bassett passed on the bankruptcy notice, as he had passed on foreclosure documents beforehand, he coupled this with an express oral warning and disclaimer that he did not then represent and would not represent Gupta in the matter. Gupta never contradicted this or claimed otherwise that Bassett was still his attorney in such matters. As soon as Bassett received a letter from Pina/Mac's attorney "accusing" him, as it were, of being Gupta's attorney, he immediately corrected this mistaken notion by giving written notice to that attorney that he was not and had not been Gupta's attorney for the prior year's period of time. In addition, he mentioned his written communication with the sheriff back in November 2008 as extrinsic evidence and proof of

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

Trial Brief of Defendant Bassett April 4, 2011

such lack of representation.

Gupta in fact acted on his own from the moment he received actual notice of the bankruptcy in conformity with the absence of an agency relationship between himself and Bassett. Gupta filled out the claim form. Gupta filed it with the court. Gupta attended the meeting of creditors. Gupta gave notice to the sheriff to stop garnishing Pina's wages. Gupta represents himself in this adversary proceeding and always has from the beginning of it. These actions speak louder than any words could. And there is no such words to suggest to the contrary.

When the bankruptcy notice was given to Bassett he had *no* authority to receive money from the sheriff derived from garnished wages of Pina. He was certainly able to and did forward such notice to his former client. But he also had no authority from his former client express or implied to instruct the sheriff to stop garnishing wages. Had he taken such a step on behalf of Gupta without such authority, he could have faced repercussions from the former client. Bassett was not and is not a guarantor of the conduct of the judgment creditor. If Bassett were Gupta's attorney for purposes of the bankruptcy and the automatic stay, then why did *Gupta* give notice to the sheriff to stop garnishing wages? It would have been Bassett who did this if he had been his attorney.

Moreover, consider that these actual circumstances explain exactly why it was that Bassett, an experienced attorney admitted to practice in this court for the last 28 years, and having no personal stake in the matter, did *not* instruct the sheriff to stop garnishing wages. It neither hurt nor benefitted Bassett to give or not to give such instructions. By then he was out of the case. But it would have been a violation of the code of ethics for him to insinuate himself in the matter and take affirmative action without actual authority re-vested in him from Gupta. There is no other reason for Bassett's lack of action than that he honestly believed, in good faith, that he *could not* so act without being rehired by Gupta, which never happened.

Even so, despite all of this, because Bassett reasonably believed that he *could not* take any action under the circumstances here to either interfere with the judgment creditor's rights or assert himself without authorization to undertake that same judgment creditor's responsibilities, he could not be guilty of any "willful" violation of the stay as a matter of fact here. Willful means taking a

- 8 -

Trial Brief of Defendant Bassett April 4, 2011

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

knowing course of action by conscious design. Bassett did not "forget" to stop garnishment by instruction to the sheriff. He did not wait to give such notice to make Pina pay based on some nonexistent personal vendetta. He did not go on vacation after notice while garnishment continued. He did not take action because he *could not* take that step without first being hired by Gupta—authorization which was never offered and never came.

The bankruptcy cases which say that an attorney *while acting on behalf of a judgment creditor* can be properly be named as a party defendant to an adversary proceeding such as the within proceeding, and potentially be found liable for a willful violation of the stay, are *inapposite* because all such cases are necessarily premised upon the underlying attorney's admission that he was *in fact* the attorney for the judgment creditor at the time of the bankruptcy notice. That is not the case here. Bassett does not argue that he cannot be liable because he is not the judgment creditor and received no garnished wages at any relevant time here, but rather that as a matter of fact he was *not the agent* of the judgment creditor when the stay was imposed and therefore cannot be vicariously liable. Furthermore, it is wrong as a matter of policy to force attorneys *against their will and against the will of their clients* to represent their former clients in perpetuity.

### PINA/MAC CLAIM ENTITLEMENT TO ATTORNEY FEES INCURRED IN BRINGING THE WITHIN ADVERSARY PROCEEDING ONLY; SUCH RECOVERY IS BARRED UNDER APPOSITE CASE LAW.

In the prayer of their complaint Pina/Mac claim "the costs and attorney fees incurred in bringing this action, according to proof at time of trial, but no less than $1,500". [Complaint (Feb 16 2010) 4:10-11.] They do *not* expressly claim herein *any* actual damages caused by an alleged willful violation of the automatic stay. [*Cf.* 11 U.S.C. 362(k)(1).] They should be held to only the relief requested in their pleading. But the relief requested is not authorized by law. In the case of *In re Sternberg*, 582 F.3d 1114 (9th Cir. 2009) the Court of Appeals held: "Once the violation has ended, any fees the debtor incurs after that point in pursuit of a damage award would not be to compensate for 'actual damages' under § 362(k)(1) [but represent attorney fees incurred under the American rule which cannot be recovered because each side bears their own under that rule]." *All*

- 9 -

Trial Brief of Defendant Bassett April 4, 2011

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

Case: 10-05056    Doc# 34    Filed: 04/04/11    Entered: 04/05/11 12:47:20    Page 9 of 11

of the attorney fees claimed by Pina/Mac are therefore disallowed. Even if they are allowed to amend their pleading to ask for attorney fees incurred before this adversary proceeding, which should be denied as highly prejudicial to Bassett at this point, Gupta gave notice to the sheriff to stop garnishing wages on November 23, 2009. Any attorney fees incurred after that date cannot have been caused by a willful violation because the violation had been corrected at that point. Any such fees claimed by Pina/Mac post-stay-compliance are thus irrelevant to this proceeding.

### 4. Conclusion.

The court should find based on undisputed facts that Bassett was in fact not the agent for Gupta and cannot therefore be vicariously liable as a matter of law for any alleged violation of the automatic stay. This adversary proceeding should be dismissed.

Respectfully submitted,

Dated: April 4, 2011

_____
Craig J. Bassett, Attorney *Pro Se*

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

- 10 -

Trial Brief of Defendant Bassett

April 4, 2011

Case: 10-05056    Doc# 34    Filed: 04/04/11    Entered: 04/05/11 12:47:20    Page 10 of 11

| ATTORNEY FOR PARTY MAKING SERVICE (Name, state bar number, and address):<br>Craig J. Bassett, Attorney at Law, SB# 106825<br>25 W. First Street, Morgan Hill, CA 95037-4559<br>TEL 408-779-0007  FAX 408-778-6005<br>ATTORNEY FOR (Name): Defendant *Pro Se* | FOR COURT USE ONLY: |
|---|---|
| NAME AND ADDRESS OF COURT:<br>UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>San Jose Division, U. S. Courthouse and Federal Bldg.<br>280 South First Street, 3rd Floor<br>San Jose, CA 95113-3099  408-535-5118 | |
| TITLE OF CASE (ABBREVIATED):<br>*Bankruptcy of Pina/Mac; Pina v. Gupta*<br>(Chapter 13; Adversary Proceeding) | CASE NUMBER / ADVERSARY PROCEEDING NO.:<br>09-57362-RLE (Chapter 13)<br>10-05056-RLE |

**PROOF OF SERVICE BY REGULAR MAIL**

STATE OF CALIFORNIA      } ss.
COUNTY OF SANTA CLARA    )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is shown above.

On the date set out below I served a copy of the document described below on the attorneys and/or parties of record in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid deposited directly in the United States mail at Morgan Hill, California addressed as follows:

| DOCUMENT(S):<br>• **SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION**<br>(to Pina and Mac as parties— intended to be a Notice to Appear at trial) ||
|---|---|
| ATTORNEYS FOR DEBTORS/PLAINTIFFS:<br>Lars T. Fuller, Sam Taherian<br>The Fuller Law Firm<br>60 N. Keeble Avenue<br>San Jose, CA 95126-2723 | CO-DEFENDANT:<br>Prem P. Gupta<br>P.O. Box 555<br>San Martin, CA 95046-0555 |

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: April 4, 2011

*[signature]*

Konnie Bunt, Mailing Declarant

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

PROOF OF SERVICE BY REGULAR MAIL                April 4, 2011

Case: 10-05056   Doc# 34   Filed: 04/04/11   Entered: 04/05/11 12:47:20   Page 11 of 11