LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>EDWIN L. PINA and MAILENE MAC aka MAILENE MY MAC<br><br>Debtor. | CASE No. 09-57362-RLE<br><br>AP No. 10-05056-RLE<br><br>Chapter 13<br><br>**PLAINTIFFS' PRE-TRIAL BRIEF**<br><br>Date: April 12, 2011<br>Time: 10:30 A.M.<br>Location: United States Bankruptcy Court<br>280 South First Street<br>Room 3035<br>San Jose, CA 95113<br><br>Judge: **Hon. Stephen L. Johnson** |
| EDWIN L. PINA and MAILENE MAC aka MAILENE MY MAC<br><br>Plaintiffs,<br><br>Vs.<br><br>PREM P. GUPTA and CRAIG J. BASSETT<br><br>Defendants | |



FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125

Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 1 of 15

## Table of Contents


**I. FACTUAL BACKGROUND** ..... 3

**II. LEGAL ANALYSIS** ..... 5

A. VIOLATION OF 11 USC §362 AS TO MR. GUPTA ..... 5

1. Defendant remains in violation of 11 USC §362 ..... 5
2. The Automatic Stay of §362 places an affirmative duty on defendants to cure their violation ..... 6
3. Mr. Gupta's reliance (even if in good faith) on comments by the trustee does not relieve him of his obligation to cure the §362 violation ..... 6
4. Mr. Gupta's failure to remit the last $10 of 362 funds cannot be excused ..... 7
5. Defendant is liable for attorney fees ..... 8
6. Mr. Gupta is liable for punitive damages ..... 8
7. Mr. Gupta is liable for willful contempt of court ..... 9

B. VIOLATION OF 11 USC §362 AS TO DEFENDANT BASSETT ..... 10

1. Defendant Bassett was attorney of record when wage garnishments occurred ..... 10
2. The law does not distinguish between post-judgment and pre-judgment attorney of record ..... 10
3. The law does not distinguish between attorney of record who are conduits for garnished wages and those who are not ..... 10
4. An attorney of record has an obligation to notify relevant authorities of the automatic stay even if doing so is not in the best interest of his client ..... 11
5. Mr. Basset is liable for attorney fees, punitive damages, and contempt ..... 11
6. The court has discretion to issue sanctions against Mr. Bassett for violation of FRBP 9011 ..... 12

C. RECOVERY PURSUANT TO 11 USC §547 ..... 12

D. THE ADMONISHMENTS OF THE HON. JUDGE EFREMSKY ..... 14

**III. CONCLUSION** ..... 14



FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125





Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 2 of 15

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125

## I. FACTUAL BACKGROUND

The following facts are largely undisputed:

Debtors, Edwin Pina and Mailene Mac (hereinafter "Debtors") were defendants in a State Court Complaint filed by Craig Bassett, Esq. (hereinafter "Mr. Bassett") on behalf of Mr. Prem Gupta (hereinafter "Mr. Gupta"). Pursuant to a judgment, several thousand dollars of Mr. Pina's wages were garnished. On August 31, 2009, Debtors filed the instant bankruptcy petition.

At the time the petition was filed, Mr. Bassett was Mr. Gupta's attorney of record in the State Court action. Debtors' schedule F listed Mr. Gupta, c/o Mr. Bassett, at Mr. Bassett's address.

Within 90 days prior to the filing of bankruptcy, $3,888.66 of funds had been garnished from Mr. Pina's paycheck (hereinafter "547 funds.") After the filing of bankruptcy, $1,819.58 of funds were garnished from Mr. Pina's paycheck (hereinafter "362 funds.")

Defendants contend that during the 341 meeting, held on October 19, 2009, the chapter 13 trustee asked a then-associate of The Fuller Law Firm to take steps to stop the wage garnishment. Plaintiff's counsel has no confirmation of this.

On November 2, 2011, this law firm sent a letter to Mr. Bassett, advising him of the filing of the bankruptcy, and the automatic stay. Demand was made for refund of the 362 funds and the 547 funds, an accounting, and attorney fees of $450. A true and correct copy of this letter will be labeled Plaintiff's Trial Exhibit 1[1].

Mr. Bassett's time-stamp indicates Mr. Bassett received this letter on November 3. Mr. Bassett claims that he forwarded this document to Mr. Gupta. Counsel is informed and believes that Mr. Gupta does not deny receipt of this letter.

On November 23, 2009, defendant Gupta faxed the Sheriff, and instructed them to stop wage garnishment.

[1] All trial exhibits are also attached to this trial brief, and are numbered in the same manner.



Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 3 of 15

From late November 2009 until February 2010, undersigned counsel repeatedly asked defendants to reach an amicable settlement to pay back funds improperly garnished from plaintiff's wages.

Eventually on February 18, 2010, an adversary proceeding was filed against both defendants. The adversary sought to recover both the 362 funds and the 547 funds.

On April 16, 2010, a personal check in the amount of $1,779.58 was received from Mr. Gupta[2]. No meaningful accounting was provided.

On or about April 23, 2010, Mr. Bassett filed a motion to dismiss. The motion was based on failure to state a cause pursuant to FRCP 12(b)(6). Puzzlingly, the motion also argued that the bankruptcy court lacked subject matter jurisdiction to hear disputes arising under §§362 and 547 of the bankruptcy code.

The motion was over-ruled.

A transcript of the ruling of the Hon. Judge Efremsky and declaration authenticating same is labeled Plaintiff's Trial Exhibit 2.

On or about July 24, 2010, undersigned counsel received a money order in the amount of $30.

The case was ordered to BDRP, but parties could not reach an agreement as to a time and manner of BDRP.

Settlement discussions were carried out by the parties, but were unsuccessful.

/ / /

---

[2] This personal check was never cashed because defendants generally insisted that as a condition for cashing this check, plaintiffs waive their right to attorney fees and 547 funds. It is believed that the check is no longer collectible, and plaintiff is prepared to return the check to defendants upon receipt of good funds.



Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 4 of 15

## II. LEGAL ANALYSIS

A. VIOLATION OF 11 USC §362 AS TO MR. GUPTA

1. Defendant remains in violation of 11 USC §362

A copy of plaintiff's paychecks, indicating funds garnished, is labeled as Plaintiff's Trial Exhibit 3. A digest of relevant information from those paychecks is labeled Plaintiff's Trial Exhibit 4.

As evidenced in Plaintiff's Trial Exhibit 4, defendant Gupta has caused the sum of $1,819.98 to be garnished from Edwin Pena's wages after the petition was filed on August 31, 2009. The dates and amounts are as follows:

| Paycheck Date | Garnishment Amount |
|---|---|
| 10/23/2009 | 323.81 |
| 10/9/2009 | 457.34 |
| 9/25/2009 | 389.74 |
| 9/11/2009 | 648.69 |
| **Total** | **$1,819.98** |

It is not disputed that, as of this writing, Mr. Gupta has paid back only $1,809.58.

Early in the litigation, defendants had implicitly or explicitly argued that they must refund only those funds they actually received from the Sheriff. But, as elaborated by the Hon. Judge Efremsky, a cure of the 362 entails repayment of all wages, without deduction for costs of garnishment.

Even after crediting Mr. Gupta for his $30 payment in July 24, 2010, and assuming the personal check tendered in April 2010 is still collectible, Mr. Gupta remains $10 short. Thus, Mr. Gupta has not yet cured his violation of 11 USC §362.

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125



Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 5 of 15

2. The Automatic Stay of §362 places an affirmative duty on defendants to cure their violation

The 9th Circuit Court of Appeals has held repeatedly that the automatic stay places an *affirmative* duty of compliance. In re Johnston (Sternberg v. Johnston) 582 F. 3d 1114 (9th Circuit 2009) (Defendant, an attorney, was required to take affirmative action to stay or vacate a state court's order). See also State of California Employment Development Department v. Taxel (In re Del Mission Ltd.), (holding that a state's knowing retention of disputed taxes violated the automatic stay.)

The burden of complying with the automatic stay is on the creditor. In re Del Mission Ltd. at 1151-52. (holding that "the onus to return estate property is placed upon the possessor; it does not fall on the debtor to pursue the possessor.")

See also Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1191-92 (9th Cir.2003) holding that the post-petition recordation of a deed of trust by a creditor was a willful violation of the automatic stay because the creditor "had an affirmative duty to remedy his automatic stay violation ... such as by attempting to undo the recordation process."

The policy of the law is clear and unequivocal: creditors have an *affirmative* duty to cure violation of the automatic stay.

3. Mr. Gupta's reliance (even if in good faith) on comments by the trustee does not relieve him of his obligation to cure the §362 violation

Mr. Gupta asserts that he relied upon comments by the chapter 13 trustee, Ms. Devin Derham-Burk when she instructed a then-associate of Fuller Law Firm to take steps to stop wage garnishment. As advised by the Hon. Efremsky, this was merely an "off the cuff remark" by the trustee, and did not vitiate defendants' obligations.

Even a good faith belief in a defense is not an actual defense to liability for violating the automatic stay. Johnston Envtl. Corp. v. Knight (In re Goodman), 991 F.2d 613, 618 (9th

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125



Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 6 of 15

Cir.1993). (whether defendant believes in good faith that it had a right to the property is not relevant to whether the act was "willful.") Likewise in Dyer v. Lindblade (In re Dyer) 322 F. 3d 1178 (9th Circuit 2003) the Ninth Circuit Court of Appeals held that a good faith belief to being entitled to record a deed of trust in violation of the automatic stay is not a defense, and does not negate willfulness in a 362 proceeding. Dyer at 1191, also citing Renwick v. Bennett (In re Bennett), 298 F.3d 1059, 1069 (9th Cir.2002); and Jove Eng'g v. IRS (In re Jove Eng'g), 92 F.3d 1539, 1546 (11th Cir.1996).

In the 9th Circuit, as in most circuits in order to find willful violation of the automatic stay, "all that is required is that (defendant) knew of the automatic stay, and [his] actions in violation of the stay were intentional." Eskanos & Adler, P.C. v. Leetien (In re Leetien), 309 F.3d 1210, 1215 (9th Cir.2002)[3].

Undoubtedly the two seminal elements of Eskanos are met:

1- Mr. Gupta cannot deny that he knew of the automatic stay.

2- Mr. Gupta cannot argue that his failure to stop garnishment was non-volitional (such as due to an illness, etc.)

4. Mr. Gupta's failure to remit the last $10 of 362 funds cannot be excused

Mr. Gupta will almost certainly argue that his failure to refund the last $10 of the 362 funds was due to a clerical error, or "reasonable reliance" on comments made by the undersigned. This argument must fail for the reasons set forth in Eskanos: Mr. Gupta had knowledge of the stay,

---

[3] Here is a small sample of the numerous cases that support the two elements set forth in Eskanos: Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez), 227 B.R. 174, 180 (9th Cir. BAP 1998) aff'd mem., 208 F.3d 220 (9th Cir.2000). A "willful violation" does not require specific intent to violate the automatic stay. McHenry v. Key Bank (In re McHenry), 179 B.R. 165, 167 (9th Cir. BAP 1995). A violation of the automatic stay is "willful" if 1) the creditor knew of the stay and 2) the creditor's actions, which violated the automatic stay, were intentional. Goichman v. Bloom (In re Bloom), 875 F.2d 224, 227 (9th Cir.1989); Expeditors Int'l of Wash., Inc. v. Colortran, Inc. (In re Colortran, Inc.), 210 B.R. 823, 826 (9th Cir. BAP 1997), aff'd in part and vacated in part on other grounds, 165 F.3d 35 (9th Cir.1998). Roman v. Eskanos & Adler (In Re Roman) 238 BR 1 (9th Circuit 2002)

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125


Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 7 of 15

and his failure to remit the last of the 362 funds was not due to circumstances beyond his control (such as bank closures, postal strikes, etc.)

Similarly, the 9th Circuit has specifically held that a creditor's failure to maintain organized operations is not a defense to violation of the automatic stay. Eskanos, supra at 1215 (delay due to "problems with … process server" does not excuse creditor from complying with automatic stay).

Here, Mr. Gupta's failure to maintain or provide correct accounting does not excuse him from failing to submit the last $10 of the 362 funds.

5. Defendant is liable for attorney fees

Pursuant to In re Johnston (Sternberg v. Johnston) 582 F. 3d 1114 at 1119 (9th Circuit 2009) defendants in a 362 action are liable for attorney fees until the 362 violation has been cured.

As of this writing, the automatic stay violation remains uncured.

A breakdown of attorney fees incurred to date is labeled Plaintiff's Trial Exhibit 9. Time spent exclusively on the 547 issue has been separated out.

A declaration regarding counsel's hourly billing rate is labeled Plaintiff's Trial Exhibit 10.

6. Mr. Gupta is liable for punitive damages

Mr. Gupta is attempting to portray himself as an innocent creditor who got "lulled" into violating the automatic stay because of comments made by the chapter 13 trustee.

But this is false.

In fact, Mr. Gupta attended the 341 meeting on October 19, 2009 (therefore had knowledge of bankruptcy). But as of the 341 meeting, nobody had yet taken steps to cure the violation. More than a month later, on November 23, Mr. Gupta instructed the Sheriff to stop the garnishment.

But Mr. Gupta did not issue any refund until plaintiffs filed an adversary proceeding. Even then, Mr. Gupta waited approximately six weeks before issuing his first refund check. And he took the liberty of deducting and keeping garnishment costs, and failed to provide a reasonable accounting.

He did not make any other payments until approximately one month after defendants lost

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125



Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 8 of 15

the motion to dismiss.

And to date, he has failed to fully refund the 362 funds.

In short, at every turn, Mr. Gupta has delayed, made up excuses, joined in frivolous motions, and done everything he could to evade his legal obligation. In order to compel Mr. Gupta to comply with the law, counsel has had to file an adversary, and prevail in a motion to dismiss.

Punitive damages were prayed for in the complaint, are allowed under 362(k)(1), and are proper here.

7. Mr. Gupta is liable for willful contempt of court

The automatic stay is an order of the court, and in the 9th Circuit, the bankruptcy court has discretion to hold a creditor in contempt of that order. The standard for showing contempt, under §105(a), "dovetails" into the standard for showing willfulness under §362. Dyer at 1191.

Admittedly, the Dyer decision related to a §362 action by a trustee, who – not being an "individual" under §362(k)(1) - was precluded from collecting attorney fees under that section, and therefore sought recovery of attorney fees under §105(a) instead.

But nothing in the Dyer opinion precludes a plaintiff who is an individual under §362(k)(1) from seeking a contempt award.

The standard for willful contempt in Dyer is substantively identical to the standard for willful violation of the automatic stay: Defendant must be shown to know of the order, and have voluntarily taken actions to violate it. It is not necessary to show that the defendant intended to violate the order. Dyer at 1191. Furthermore, failure to exercise the affirmative duty to remedy an automatic stay violation can be a basis for a holding of contempt. Dyer at 1191 (failure to reverse recordation of a deed of trust is basis for contempt). Citing Calif. Employment Dev. Dep't v. Taxel (In re Del Mission), 98 F.3d 1147, 1152 (9th Cir.1996).

Here, there is no doubt that Mr. Gupta became aware of the automatic stay. This was spelled out in counsel's letter, dated November 2, 2009. (Plaintiff's Trial Exhibit 1) And there is no doubt that Mr. Gupta has yet to remedy this violation, and in fact, did not remit his first refund check until April 2010, at least five months after he became aware of the automatic stay.

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125


Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 9 of 15

The court should use its discretion and hold Mr. Gupta in civil contempt.

B. VIOLATION OF 11 USC §362 AS TO DEFENDANT BASSETT

1. Defendant Bassett was attorney of record when wage garnishments occurred

Defendant Bassett does not deny that when the wage garnishments occurred, he was attorney of record for defendant Gupta.

Rather, his defense seems to be that "a post-judgment attorney of record has no affirmative duty to follow 11 USC §362 if wage garnishment checks are not made payable to him."

This argument fails.

2. The law does not distinguish between post-judgment and pre-judgment attorney of record

A cursory review of the many cases holding attorneys liable for violation of the automatic stay indicates that in almost every instance, the attorneys were of-record post judgment. Indeed, wage garnishment generally occurs only post-judgment.

See for example: Eskanos & Adler, P.C. v. Leetien (In re Leetien), 309 F.3d 1210, 1215 (9th Cir.2002).

3. The law does not distinguish between attorney of record who are conduits for garnished wages and those who are not

There is no case law that carves out an exemption to the affirmative duty imposed by the automatic stay where creditor's attorney of record is not actively collecting garnished wages. See for example Bailey v. Davant et al (In re: Bailey) N. D. of Virginia (2010). The Bailey decision was cited by the Hon. Efremsky, but because it does not have a Federal Reporter citation, a copy of the opinion is labeled as Plaintiff's Exhibit 5.

In Bailey the attorney was on vacation when the violation occurred, and the opinion seems to clearly indicate he was not a conduit for garnished wages. Yet he was held liable for

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125



Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 10 of 15

violating the automatic stay.

Likewise, the Sternberg opinion does not indicate that creditor's attorney of record was a conduit for money. Yet, he was held to have an affirmative duty to cure the automatic stay violation.

4. An attorney of record has an obligation to notify relevant authorities of the automatic stay even if doing so is not in the best interest of his client

In defending his failure to stop the wage garnishment, Defendant Bassett has stated that he was not actually receiving the garnished wages because they were being forwarded from the Sheriff directly to defendant Gupta.

Based upon this arrangement, defendant Bassett argued "had I done something where I had not been hired to do it I would have exceeded my authority and my calling as an attorney." (Plaintiff's Trial Exhibit 2, page 3, Line 26)

But in In re Johnston, the 9th Circuit held that an attorney's calling can never compel him to violate the automatic stay: "What (defendant) was compelled to do was comply with the automatic stay." Johnston at 1120. In Johnson the state court order was in violation of the stay. Defendant recognized this but did not say anything to the appellate court because he did not think it was his duty to "practice law on (debtor's) behalf." The 9th Circuit ruled that this did not authorize defendant to act in violation of the automatic stay.

Indeed, advising an appellate court, or the Sheriff, of the automatic stay will invariably contradict the interests of a creditor.

Yet, that is what an attorney of record must do.

5. Mr. Basset is liable for attorney fees, punitive damages, and contempt

As discussed above, a defendant has willfully violated the automatic stay, and is exposed to damages, if he has (1) had actual knowledge of the stay, and (2) his failure to conform to the stay was voluntary.

The threshold having been met, Mr. Bassett is liable for attorney fees, punitive damages,





Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 11 of 15

and contempt.

6. The court has discretion to issue sanctions against Mr. Bassett for violation of FRBP 9011

FRBP 9011 requires that any individual filing a motion with the bankruptcy court represents that to the best of the person's knowledge and information, formed after a reasonable inquiry, that the motion is warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law.

Mr. Bassett filed a motion to dismiss, wherein he argued that the bankruptcy court lacks subject matter jurisdiction over 362 and 547 actions. When asked about this, he stated that "It was a stretch. I was trying it." (Plaintiff's trial Exhibit 2, page 9, line 4)

Federal court is no place for experimental pleading.

The court, on its own motion, and pursuant to FRBP 9011(c)(1)(B) may direct an attorney to show cause why it should not be sanctioned.

C. RECOVERY PURSUANT TO 11 USC §547

It is undisputed that within 90 days prior to filing of the bankruptcy petition, defendants caused $3,888.66 to be garnished from plaintiff's wages.

Pursuant to 11 USC §547(b), the trustee may recover funds transferred for the benefit of a creditor within 90 days prior to filing if the transfer allows the creditor to receive more than it would have received under chapter 7.

As indicated in debtors' schedules B and C, as amended filed in March 2010, at the time of filing, all of debtors' assets were either exempt or over-encumbered. A copy of debtors' amended Schedules B and C are labeled Plaintiff's Trial Exhibit 6.

A review of Plaintiff's Trial Exhibit 6 indicates that Mr. Gupta would have received no proceeds in a chapter 7.

Mr. Gupta argues that the preference action is barred under the exception of 11 USC

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125



Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 12 of 15

§547(c)(9) because the aggregate amount of the transfer is less than $5,000.

This is wrong.

The cited exception applies to debtors whose debts are not primarily consumer debts.

A copy of debtors' schedules D, E, and F, which were filed with the court in August 2009 are labeled as Plaintiff's Trial Exhibit 7. An examination of Exhibit 7 indicates that at the time of filing, plaintiffs' debts were as follows:

| Schedule | Name of creditor | Description | Amount (if consumer debt) | Amount (if not consumer debt) |
|---|---|---|---|---|
| D | Chase Home Finance | Deed of Trust on Primary Residence | $200,000 | |
| D | Citi-Mortgage | Deed of Trust on Rental Property | | $234,650 |
| D | Citi-Mortgage | Deed of Trust on Primary Residence[4] | $438,000 | |
| D | County of Santa Clara | Property Tax on Primary Residence | $16,285 | |
| D | Honda Finance | Car Loan | $3,750 | |
| D | Wells Fargo Home Mortgage | Deed of Trust on Rental Property | | $225,000 |
| F | Aggregate of all items except Mr. Gupta's claim | | $37,845 | |
| F | Mr. Gupta's claim | | | $60,015 |
| Totals: | | | $695,880 | $519,665 |

These numbers do not include a student loan claim in the amount of $18,900.68, evidenced by proof of claim number 13. A copy of proof of claim number 13 is labeled Plaintiff's Trial Exhibit 8.

---

[4] Debt secured by primary residence is generally considered consumer debt pursuant to In re Kelly 841 F. 2d 908 (9th Circuit 1988)

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125



Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 13 of 15

It should be noted that the calculations in the table above generously assume that debts secured by a residential rental property are not "consumer debts." In fact, this is not at all clear.

Pursuant to 11 USC §101(8) "consumer debt" means any debt incurred by an individual primarily for a personal, family, or household purpose. Thus, it appears that debt incurred for purchase of a rental property for household investment purposes (as opposed to, say, a commercial building used for business) may well qualify as a consumer debt.

D. THE ADMONISHMENTS OF THE HON. JUDGE EFREMSKY

After over-ruling the clearly unmeritorious motion to dismiss filed by defendants, the Hon. Judge Efremsky took the time to cite numerous cases to defendants, in an attempt to impart the importance of settling this case.

The laboriously thorough explanation of law by the Hon. Efremsky should negate any defense of ignorance of law or negligence that defendants may raise.

## III. CONCLUSION

Defendants have violated, and remain in violation of 11 USC §362 in the amount of $1,819.58 subject to a credit of $30.

Furthermore, Plaintiffs are entitled to recover 547 funds in the amount of $3,888.66.

Furthermore, Plaintiffs are entitled to attorney fees according to proof.

Furthermore, Plaintiffs are entitled to punitive damages at the court's discretion, including sanctions against Mr. Bassett for filing of a frivolous motion, and contempt damages, all at the court's discretion.

/ / /

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125



Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 14 of 15

**WHEREFORE**, Debtor respectfully request for a judgment holding defendants jointly and severally liable at the court's discretion, but no less than $18,000.

Respectfully submitted.

DATED: April 5, 2011

THE FULLER LAW FIRM

By: /s/ Sam Taherian
SAM TAHERIAN
Attorneys for Plaintiffs and Debtors
Edwin Pina and Mailene Mac

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125



Case: 10-05056 Doc# 35 Filed: 04/05/11 Entered: 04/05/11 21:27:00 Page 15 of 15