Craig J. Bassett (SB# 106825)
Attorney at Law
25 W. First Street
Morgan Hill, CA 95037-4559
TEL (408) 779-0007
FAX (408) 778-6005
EMAIL cbassett@garlic.com

Defendant *Pro Se*

**FILED**
APR 11 2011
CLERK
United States Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA, San Jose Division
U. S. Courthouse and Federal Building
280 South First Street, 3rd Floor, San Jose, CA 95113-3099 (408) 278-7557

| | |
|---|---|
| **Bankruptcy of:**<br><br>Edwin L. Pina and Mailene Mac aka Mailene My Mac,<br><br>Debtors,<br><br>EDWIN L. PINA, and MAILENE MAC aka MAILENE MY MAC,<br><br>Plaintiffs,<br>vs.<br><br>PREM P. GUPTA, and CRAIG J. BASSETT,<br><br>Defendants. | Case No. 09-57362-SLJ (Chapter 13)<br><br>Adversary Proceeding No. 10-05056-SLJ<br><br>**MOTIONS *IN LIMINE* BY DEFENDANT BASSETT**<br><br>Trial:<br><br>*Date:* April 11, 2011<br>*Day:* Monday<br>*Time:* 1:30 p.m.<br>*Room:* 3099<br>*Judge:* Hon. Stephen L. Johnson<br>*Place:* U. S. Courthouse and Federal Building<br>280 South First Street, 3rd Floor<br>San Jose, CA 95113-3099<br>*Adversary Complaint Filed:* March 2, 2010 |

Defendant CRAIG J. BASSETT (Bassett) respectfully moves *in limine* for the orders which follow. The within *in limine* motions are made on the grounds stated for each such motion and on the further grounds that evidence or theories advanced sought to be excluded would be a material variance from the pleadings herein and highly prejudicial to the plaintiff. The motions are based on this paper, including the points and authorities cited as to each such motion, the trial brief, all pleadings and papers on file in this action, all matters that may be judicially noticed by the court, and

- 1 -

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

Motions *in Limine* by Defendant Bassett

April 11, 2011

Case: 10-05056    Doc# 40    Filed: 04/11/11    Entered: 04/11/11 17:07:05    Page 1 of 5

any additional evidence, arguments, or authorities that may be presented at the hearing of the within motions *in limine*. Plaintiff reserves the right to make oral motions *in limine* inadvertently omitted here or which arise in connection with opposition to or concurrence with motions *in limine* made by other parties herein.

As to motions *in limine* GRANTED on the basis of exclusion of evidence, it is requested that the court prohibit any reference, statement, questions or innuendo by counsel or their witnesses to the matters prohibited *in limine*. Should any request for motions *in limine* re evidence be DENIED, it is requested that plaintiff's counsel be granted continuing objection to such evidence on the grounds stated here so as to not impede the orderly flow and process of trial.

Although there is no express authority in the Federal Rules of Civil Procedure, motions *in limine* are well recognized. [See *Ohler v. United States* (2000) 529 U.S. 753, 758 & fn. 3.]

**1. Prohibit Plaintiffs from Presenting Any Evidence That Contradicts or Is Not Included in Their Pleading.** Matters which are at material variance with the pleadings are inadmissable at trial because of the prejudice created and the failure to frame the issues in the absence of the pleading of a certain claim. [See *Ladas v. California State Auto. Ass'n* (1993) 19 Cal.App.4th 761, 769, (3-day evidentiary hearing at start of trial on motion *in limine* attacking admissibility of any evidence to support breach of contract claim not pled).] Such matters should be ordered excluded.

A motion *in limine* may properly include a motion to limit the damages award. [*Kassim v. City of Schenectady* (2nd Cir. 2005) 415 F.3d 246, 250.] Plaintiff filed an adversary complaint as the operative pleading. In response, defendant Bassett initially filed a motion to dismiss. The court denied the motion, essentially finding that the question of agency between defendant Gupta and defendant Bassett is a *question of fact for trial*, and that the complaint pled the fact of such agency and would be accepted as true for purposes of the motion (only). The court went on to urge the parties to settle the case as it did not involve a large dollar amount and proffered some potential defenses in the court's observation, including that under apposite 9th Circuit case law, citing *In re*

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

- 2 -

Motions *in Limine* by Defendant Bassett    April 11, 2011

Case: 10-05056    Doc# 40    Filed: 04/11/11    Entered: 04/11/11 17:07:05    Page 2 of 5

*Sternberg*, 582 F.3d 1114 (9th Cir. 2009), attorney fees incurred in pursuing an adversary proceeding in the bankruptcy court for willful violation of the stay cannot be recovered.

The court thus expressly identified to plaintiff's attorney long ago in June 2010 a legal deficiency with the request in the prayer of the complaint for "the costs and attorney fees incurred in bringing this action, according to proof at time of trial, but no less than $1,500". [Complaint (Feb 16 2010) 4:10-11.] Despite this warning, plaintiffs Pina/Mac did not move to amend the complaint, and have not moved to amend the complaint. They do *not* expressly claim herein *any* actual damages caused by an alleged willful violation of the automatic stay. [*Cf.* 11 U.S.C. 362(k)(1).] Such relief has not been requested and is therefore not a part of this action and should be excluded. Having overheard the warning of the court and relying upon it based on his own research as accurate, Bassett did no discovery on the issue of damages. Had he been notified by proper pleading that damages apart from alleged attorney fees were requested, he would have done discovery on this. It is too late to do such discovery and Bassett has relied on the absence of a figure or request for special damages in the complaint herein for over a year.

Under federal pleading rules, if plaintiff claims any item of special damages, they must be specifically stated in the complaint. [Fed. Rules Civ. Proc., rule 9(g).] A motion to exclude evidence of special damages not pled is therefore appropriate. [*See* Fed. Rules Evid., rules 103, 401.] There are *no* special damages (unless you count a demand for attorney fees incurred in the same action) identified or requested in the operative complaint here. Defendant Bassett does not know what evidence, if any, of special damages, or damages outside attorney fees, will be presented at trial. But all such evidence should be excluded under these principles and because of the prejudice to defendants were it to otherwise be allowed.

2. **Prohibit Evidence of Net Worth Until After *Prima Facie* Case Made for Punitive Damages.** Evidence of net worth for purposes of assessing punitive damages is inadmissible until plaintiff has first proved a *prima facie* case of liability for punitive damages— fraud, oppression, or malice, by clear and convincing evidence. [See *Mid Conteinent Casualty, Inc. v. George Koch Sirs,*

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

- 3 -

Motions *in Limine* by Defendant Bassett                                April 11, 2011

Case: 10-05056   Doc# 40   Filed: 04/11/11   Entered: 04/11/11 17:07:05   Page 3 of 5

*Inc.* (D KS 1990) 130 FRD 149, 152.]

3.   **Exclude Transcription of Motion Proceeding on Grounds of Relevance and Hearsay.** "Evidence which is not relevant is not admissible." [Fed. Rules Evid., rule 401 (FRE applicable to bankruptcy adversary proceedings under FRBP 9017).] Defendant Bassett moves to exclude plaintiff's trial exhibit 2 which is plaintiff's attorney's transcription of the proceedings at the motion to dismiss in this case heard in June 2010. The declaration is entirely hearsay; Mr. Taherian is not a certified short hand reporter; the matter is irrelevant for purposes of the trial in any event. A law and motion ruling on whether facts sufficient to state a cause of action has no bearing on whether those facts are true at trial. The exhibit should be excluded. Bassett communicated this objection to this exhibit to Mr. Taherian last Thursday, April 7, 2011 by email.

4.   **Exclude Plaintiff's Exhibits Nos. 9 and 10 on Grounds of Relevance.** Defendant Bassett moves to excluded plaintiff's trial exhibits 9 and 10 on the grounds of relevance. These are non-detailed attorney time records and accompanying declaration of the attorney. As explained above, attorney fees incurred in this adversary proceeding are not recoverable by plaintiff in this matter because there is no right to such recovery under the American rule. They should be excluded. Bassett communicated this objection to this exhibit to Mr. Taherian last Thursday, April 7, 2011 by email.

5.   **Exclude from Trial Any Mention or Evidence of Contempt and Rule 11 Motion for Sanctions.** Plaintiff's trial brief raises the issues of contempt citation against defendants and Rule 11 sanctions. Neither of these forms of relief are mentioned in the complaint. Rule 11 sanctions are imposed by motion, and there is none here. (The trial brief is not a motion and does not qualify as such.) Nowhere in the operative complaint is there mention of "contempt". Any evidence or mention of these forms of relief would be highly prejudicial to defendants, should therefore by ordered excluded, and in any event would be a waste of the limited time allocated for

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

- 4 -

Motions *in Limine* by Defendant Bassett                                April 11, 2011

Case: 10-05056    Doc# 40    Filed: 04/11/11    Entered: 04/11/11 17:07:05    Page 4 of 5

1 this trial and cause further prejudice to the defendants by sandbagging them with irrelevant claims
2 at the trial.

Respectfully submitted,

3 Dated: April 11, 2011

_____
Craig J. Bassett, Attorney *Pro Se*

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

Motions *in Limine* by Defendant Bassett

- 5 -

April 11, 2011

Case: 10-05056    Doc# 40    Filed: 04/11/11    Entered: 04/11/11 17:07:05    Page 5 of 5