Craig J. Bassett (SB# 106825)
Attorney at Law
25 W. First Street
Morgan Hill, CA 95037-4559
TEL (408) 779-0007
FAX (408) 778-6005
EMAIL cbassett@garlic.com

Defendant *Pro Se*

**FILED**

APR 11 2011

CLERK
United States Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA, San Jose Division
U. S. Courthouse and Federal Building
280 South First Street, 3rd Floor, San Jose, CA 95113-3099 (408) 278-7557

| | |
|---|---|
| **Bankruptcy of:**<br><br>Edwin L. Pina and Mailene Mac aka Mailene My Mac,<br><br>Debtors,<br><br>EDWIN L. PINA, and MAILENE MAC aka MAILENE MY MAC,<br><br>Plaintiffs,<br>vs.<br><br>PREM P. GUPTA, and CRAIG J. BASSETT,<br><br>Defendants. | Case No. 09-57362-SLJ (Chapter 13)<br><br>Adversary Proceeding No. 10-05056-SLJ<br><br>**CLOSING WRITTEN ARGUMENT BY DEFENDANT BASSETT**<br><br>Trial:<br><br>*Date:* April 11, 2011<br>*Day:* Monday<br>*Time:* 1:30 p.m.<br>*Room:* 3099<br>*Judge:* Hon. Stephen L. Johnson<br>*Place:* U. S. Courthouse and Federal Building<br>280 South First Street, 3rd Floor<br>San Jose, CA 95113-3099<br>*Adversary Complaint Filed:* March 2, 2010 |

Defendant CRAIG J. BASSETT (Bassett) respectfully submits the following closing argument in writing, in addition to any oral closing argument permitted at the conclusion of trial.

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

- 1 -

Closing Written Argument by Defendant Bassett

April 11, 2011

Case: 10-05056   Doc# 42   Filed: 04/11/11   Entered: 04/12/11 10:43:10   Page 1 of 5

I.  **Closing Argument.**

The question of defendant Bassett's liability to plaintiffs Pina/Mac here for willful violation of the automatic stay because wage garnishment continued for a month or so after notice was given of Pina/Mac's bankruptcy turns on whether that attorney was the *actual agent* of defendant Gupta at the time that attorney received the bankruptcy notice. The bankruptcy papers were received by Bassett, as evidenced by his own date stamp on them, on September 16, 2009. The last wage garnishment by the employer (Applied Materials) of plaintiff/debtor Pina occurred on October 23, 2009 (in the amount garnished of $323.81). [Plaintiff's Trial Exhibit 3, p. 1] The evidence in this case proves that Bassett was *not* the actual agent of Gupta with respect to the Pina/Mac matter from and after November 19, 2008 when Gupta discharged him. Therefore, he cannot be liable to the debtors under the legal notion that an agent's torts are independently actionable against that agent.

The attorney-client relationship is created by an express or implied contract. [*Koo v. Rubio's Restaurants, Inc.* (2003) 109 Cal.App.4th 719, 729.] An attorney is the client's agent in matters for which the attorney is employed, so that the client may be bound by the attorney's acts. [Code Civ. Proc., § 283; *Blanton v. Wwomancare, Inc.* (1985) 38 Cal.3d 396, 403.] The general rules of agency law apply to the attorney-client relationship. [*Houston Gen. Ins. Co. v. Superior Court {Thomson}* (1980) 108 Cal.App.3d 958, 964.] However, even after an attorney-client agency ends, an attorney still owes affirmative duties to his former client. A prime example of continuing duties towards the former client is the attorney-client privilege— a privilege held by the client where the attorney cannot disclose confidential communications even after the client is no longer that attorney's client. [*See* Evid. Code, § 950 *et seq.*] Another pertinent example, applicable here, is that an attorney must, as part of his post-attorney-client relationship duty, pass on notices given to that attorney post-judgment which he knows or suspects have not been given directly to the former client so that the former client will not be prejudiced by lack of actual notice of the same. [*See* Code Civ. Proc., §§ 684.010, 684.050.]

Vicarious responsibility in the attorney-client context is the legal principle that a client is responsible for harm caused by the wrongful conduct of his attorney while acting within the scope

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

- 2 -

Closing Written Argument by Defendant Bassett
April 11, 2011

Case: 10-05056   Doc# 42   Filed: 04/11/11   Entered: 04/12/11 10:43:10   Page 2 of 5

of his authority. Plaintiff Pina/Mac's claim that Bassett was Gupta's agent in September 2009. Bassett disputes this claim.

"The existence of an agency is a factual question within the province of the trier of fact ..." [*L. Byron Culver & Associates v. Jaoudi Industrial & Trading Corp.* (1991) 1 Cal.App.4th 300, 305.] The burden of proving the existence of an agency rests on the one claiming its existence. [*Burbank v. National Casualty Co.* (1941) 43 Cal.App.2d 773, 781.] If *plaintiff Pina/Mac* (who bears the burden of proof in this case) proves that Gupta gave Bassett authority to act on his behalf in the Pina/Mac matter after November 2009 when Bassett was discharged, then Bassett was Gupta's agent. This authority may be shown by words or may be implied by the parties' conduct. This authority cannot be shown by the words of Bassett alone.

The evidentiary fact relied upon by Pina/Mac in this case to establish a continuing agency (attorney-client) relationship between Bassett and Gupta as to Pina/Mac matters is that Bassett was, and now is, shown as the attorney "of record" for Gupta in the state court action, and that Bassett did not file and serve a substitution of attorney in that state court action. (In other words, the superior court's case current information on-line shows Bassett as the attorney for Gupta.) Bassett counters that there is no legal duty to file such a substitution of attorney post-judgment and that such a custom or practice is rarely, if ever, done in Santa Clara County (or in this state for that matter) to evidence the termination of the attorney-client relationship post-judgment. While the fact that Bassett was once the attorney "of record" for Gupta during the state court litigation creates merely an *inference* of continuing agency, this inference is fully rebutted in this case by other stronger evidence given at trial here which far outweighs this superficial evidence. And importantly, to repeat, as a matter of law, there is no legal requirement to file a substitution of attorney form post-judgment to evidence the termination of the attorney-client relationship. In acknowledgment of this status the law, plaintiff cites no statute or case stating otherwise.

Where no litigation is pending the basic procedural requirement for withdrawal after discharge by the client is to avoid foreseeable prejudice to the client— that is the extent of it. [Cal. Rules of Prof. Conduct, rule 3-700(A)(2).] Where *litigation is pending* a substitution of attorney is

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

Closing Written Argument by Defendant Bassett

April 11, 2011

Case: 10-05056   Doc# 42   Filed: 04/11/11   Entered: 04/12/11 10:43:10   Page 3 of 5

required. [*In re Haro* (1969) 71 Cal.2d 1021, 1029 & fn. 2 (*citing* Code Civ. Proc., § 284(1) which mentions *permissive* withdrawal by the attorney by substitution of attorney, *i.e.*, the statute uses the word "may").] The question is whether a *lawsuit was pending* in November 2008 and thereafter between Gupta and Pina/Mac. The answer is "No." The lawsuit had ended by the entry of judgment based upon a stipulated settlement agreement breached by Pina/Mac. Bassett had a hand in the initial post-judgment enforcement proceedings based on his authority expressly given by Gupta. But Gupta revoked that authority November 19, 2009. Importantly, all of Bassett's authority as Gupta's legal representative, including specifically the authority to receive money on his behalf [*see* code Civ. Proc., § 283(2)], was then terminated and never re-vested.

In the present case, Bassett's duty to his *former* client Gupta as to the Pina/Mac matter was to give to him a copy of the bankruptcy papers received by Bassett on September 16, 2009. He did so. It is plainly obvious that Gupta actually did receive those papers in a timely manner, which gave notice of a meeting of creditors [Def. Bassett's Trial Exhibit KK, p. 5] and, as well, important warnings about creditor actions given the automatic stay, expressly including continuing wage garnishment [*Id.* p. 7 (at paragraph entitled, "Creditors Generally May Not Take Certain Actions")]. Gupta attended the meeting of creditors on October 19, 2009. Gupta filled out and filed a claim form on that date. Gupta is reasonably sophisticated when it comes to legal matters as evidenced in relevant part by his representation of himself (*pro se*) in this very bankruptcy adversary proceeding. Gupta was certainly able to read and most likely did read the bankruptcy papers to be able to take these actions. Bassett's client Gupta actually terminated his services in the Pina/Mac matter and he no longer represented him after November 2009 in that matter. Bassett's letter of April 27, 2009 to Gupta implicitly confirmed this. [Def. Bassett's Trial Exhibit JJ, p. 1.] He takes his duties very seriously and forwarded the bankruptcy papers, coupled with an express warning to Gupta to consult with bankruptcy counsel of his choice, but Bassett had no authority to act on anything to do with wage garnishment at that point, one way or the other— *i.e.*, to either commence or terminate such enforcement proceedings. Had Bassett taken any such action it would have been without any authority to do so. His duty to his *former* client ended when he forwarded that information. This

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

- 4 -

duty to forward notices arose not because of *agency*, but because of post-agency duties imposed by law. The agency had terminated. He cannot be found to have authority implied by law, because that would be contrary to the *express* agreement he and his former client made in November 2008. Plaintiffs Pina/Mac are not trying to impose liability on Gupta *because* of Bassett's inaction in this case. They are trying to *add* Bassett to the list of potentially responsible parties. That kind of liability relies upon Pina/Mac proving by admissible evidence an actual agency as of the time of notice of the bankruptcy. This proof is lacking. Pina/Mac have not met their burden.

The facts of this case prove that Bassett was *not* Gupta's agent at the time of the debtors' bankruptcy. The court should find this to be true based on the evidence. He is therefore not liable to them for any alleged violation of the stay.

Respectfully submitted,

Dated: April 11, 2011

_____
Craig J. Bassett, Attorney *Pro Se*

Law Offices of
CRAIG J. BASSETT
25 W. First Street
Morgan Hill, CA
95037-4559
(408) 779-0007

Closing Written Argument by Defendant Bassett

- 5 -

April 11, 2011

Case: 10-05056   Doc# 42   Filed: 04/11/11   Entered: 04/12/11 10:43:10   Page 5 of 5