Entered on Docket
April 22, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Do Not Publish

The following constitutes
the order of the court. Signed April 22, 2011

_____
Stephen L. Johnson
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 09-57362 SLJ |
|---|---|
| EDWIN L. PINA and MAILENE MAC,  Debtors. | Chapter 13 |
| EDWIN L. PINA and MAILENE MAC.  Plaintiffs,  v.  PREM P. GUPTA and CRAIG J. BASSETT,  Defendants. | A.P. No. 10-05056 SLJ |

**ORDER FOLLOWING TRIAL ON COMPLAINT
TO RECOVER FUNDS AND FOR CONTEMPT FOR VIOLATION OF STAY**

**I.    INTRODUCTION**[1]

The court conducted a trial in this case on April 11, 2011, on the "Complaint to Recover

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

ORDER FOLLOWING TRIAL -1-

Funds Seized 11 USC 547(B) and for Contempt for Violation of the Automatic Stay" (the "Complaint"), filed by plaintiffs Edwin Pina ("Pina") and Mailene Mac ("Mac" and collectively, "Plaintiffs"). The Complaint seeks to recover funds that were garnished by a prepetition creditor, Prem P. Gupta ("Gupta") under 11 U.S.C. § 547(b).[2] The Complaint also seeks recovery of funds garnished after this chapter 13 case commenced, and damages arising out of a violation of the automatic stay by Gupta and his state court counsel, Craig J. Bassett ("Bassett").

Having considered the testimony of the witnesses, the argument of counsel, and the papers submitted, for the reasons stated below, the court will enter judgment against Gupta and will deny judgment against Bassett.

## II. FACTS

The court finds:

1. In August 2008, Gupta, represented by his attorney and co-defendant Bassett, obtained a state court judgment against Plaintiffs.

2. On August 29, 2008, Gupta obtained a writ of execution against Plaintiffs in the Santa Clara County Superior Court. On September 2, 2008, Gupta applied for an earnings withholding order (the "Earnings Withholding Order") from the Santa Clara County Superior Court.

3. Thereafter, the Office of the Sheriff, Santa Clara County (the "Sheriff") garnished Pina's wages and, according to the Complaint, obtained $3,201.16 on this garnishment.

4. On or about November 19, 2008, Gupta terminated Bassett's representation, and Bassett wrote a letter to the Sheriff directing him to send garnishment checks directly to Gupta.

5. On August 31, 2009, Plaintiffs filed a petition for relief under chapter 13 of the Bankruptcy Code, and the automatic stay arose at this time under § 362(a).

---

[2] All statutory references are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. unless indicated.

6. Plaintiffs identified Gupta as a creditor in their Schedule F (Unsecured Creditors), but listed his address as follows:

> Prem P. Gupta
> c/o Craig J. Bassett, Attorney at Law
> 25 West 1st Street
> Morgan Hill, CA 95037

7. Within the ninety days preceding the bankruptcy petition $3,201.16[3] was garnished from Pina's paychecks.

8. Bassett received the Notice of Commencement of Case (the "Notice of Commencement") issued by the Bankruptcy Court when the chapter 13 bankruptcy case was filed, and forwarded that notice to Gupta around September 16, 2009.

9. On October 19, 2009, Gupta filed a Proof of Claim in the bankruptcy case using the preprinted form supplied by the Clerk of the Court, which he obtained from Bassett. Gupta indicated on the proof of claim form that payments should be sent directly to him.

10. Gupta attended the meeting of creditors held pursuant to § 341(a) on October 20, 2009. Gupta's understanding at the conclusion of that meeting was that Plaintiffs' counsel would contact the Sheriff to stop the garnishment process.

11. Despite receiving the Notice of Commencement, Gupta did not advise the Sheriff to stop garnishing postpetition. From the filing date to the cessation of the garnishment $1,819.98 was taken from Pina's checks.

12. On November 2, 2009, counsel for Plaintiffs wrote to Bassett indicating that he had violated the automatic stay by continuing with the garnishment, demanding return of funds paid, and payment of $450 in attorney's fees.

13. In November 3, 2009, Bassett wrote to Plaintiffs' counsel to advise him that Gupta terminated his services around November 19, 2008.

14. On November 11, 2009, Plaintiffs' counsel wrote directly to Gupta demanding return of the money that was garnished after August 31, 2009, and $450 in attorney's fees.

---

[3] Plaintiffs' trial exhibit 4 indicates the preference period payments totaled $3,888.66, but does not reconcile that with the figure set out in the Complaint, $3,201.16. The court does not need to reconcile those figures given the holding in this case.

ORDER FOLLOWING TRIAL -3-

1       15.     On November 23, 2009, Gupta wrote to the Sheriff to advise that office of the chapter 13 bankruptcy filing and the need to stop the garnishment.

16.     Gupta did not immediately return the garnished funds.

17.     Plaintiffs commenced this adversary proceeding on February 23, 2010.

18.     On April 12, 2010, Gupta returned $1,779.58 to Plaintiff's counsel.

19.     Plaintiff's counsel wrote to Bassett on May 24, 2010, indicating that $30.00 remained unpaid from the garnished funds.

20.     On July 24, 2010, Gupta send another check for $30.00, in response to the May 24, 2010 letter.

21.     At trial, Plaintiffs contended the amount Gupta returned ($1,809.58) is $10.00 less than the amount that was garnished ($1,819.58). If true, the balance due at the time of Plaintiffs' counsel's May 24, 2010 letter should have been $40.00, not $30.00, as counsel indicated.

## III. DISCUSSION

### A. Defendant Basset

Plaintiffs contend that Bassett should be held responsible for the postpetition garnishments of Pina's wages because Bassett once represented Gupta in state court and never formally withdrew from that representation. Plaintiffs have not cited any rule or procedure that requires counsel to file a substitution of counsel after judgment has been obtained in order to extricate himself from the representation.

Gupta terminated Bassett's services in 2008, more than a year before the chapter 13 filing in this case. While it is true that Plaintiffs (and thus their counsel) were not aware of Gupta's termination of Bassett, and thus could not identify the creditor properly on the mailing matrix filed with the Bankruptcy Court, Bassett advised the Santa Clara County Sheriff's office that checks were to be sent directly to Gupta after the termination. Bassett's duty – when he received the Notice of Commencement – was to forward it to his former client, Gupta. He did so, as evidenced by the proof of claim Gupta filed for himself. Plaintiffs' counsel accepted this truth when he communicated directly with Gupta after being told the facts by Bassett.

The court finds Bassett did not violate the stay because he was not responsible for the garnishment of Pina's salary after Gupta terminated his services. Bassett forwarded the Notice of Commencement to Gupta and his responsibilities to this court and his former client ended there.

B.  Defendant Gupta

1.  Prepetition Garnishments

The Complaint alleges that Gupta garnished $3,201.16 from Pina's wages in the ninety-day period before the bankruptcy case was filed and seeks to recover those as preferential payments under § 547(b). That section provides that *the trustee* may avoid any transfer of an interest of the debtor in property made (1) to a creditor, (2) for antecedent debt, (3) while the debtor was insolvent or within ninety days before the date of the filing of the petition, and (4) which would have allowed the creditor to receive more than it would have received in a chapter 7 liquidation case. § 547(b).

Federal courts have a continuing responsibility to raise jurisdictional issues. *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 868 (9th Cir. 2001)("[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing." (Internal citation omitted)); *see U.S. v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997) (standing may be raised at any time). Section 547(b) identifies *the trustee* as the party who may recover a preferential transfer. Section 1303 gives a chapter 13 debtor certain powers otherwise assigned to the trustee, providing, "Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title." The power to avoid preferential transfers under § 547(b) is not enumerated as a power a chapter 13 debtor can exercise. *See* K. Lundin & W. H. Brown, CHAPTER 13 BANKRUPTCY, 4th Edition, § 53.1, at ¶ 2 (2nd Rev., June 14, 2004). The court finds that Plaintiffs – who are chapter 13 debtors – have no standing to raise a claim under § 547(b).

Even if Plaintiffs had standing to pursue this action, the prepetition garnishments would not be avoidable. The transfer here occurred more than ninety days prior to the bankruptcy filing. Section 547(e)(1) provides that a transfer of personal property is perfected when a

creditor cannot obtain a superior lien. § 547(e)(1)(B). Under California law, "[s]ervice of an earnings withholding order creates a lien upon the earnings of the judgment debtor that are required to be withheld pursuant to the order . . . The lien continues for a period of one year from the date the earnings of the judgment debtor become payable unless the amount required to be withheld pursuant to the order is paid as required by law." Cal. Code Civ. P. § 706.029. The Earnings Withholding Order was served before November 2008, and gave Gupta a lien on Pina's earnings. The lien arose outside the ninety-day preference period.

Even if one assumes that each salary payment effected a transfer of Plaintiffs' property, the preference theory fails. When Gupta served the Earnings Withholding Order, he became a secured creditor on account of the lien that arises by operation of California law when such an order is served. Cal. Code Civ. P. § 706.029. As a secured creditor, he did not receive more than he would have received in a chapter 7 liquidation when he received payments from the Sheriff. § 547(b)(5).

Finally, the garnishment was not a transfer of Plaintiffs' property. According to California's Wage Garnishment Law, an employer who receives an earnings withholding order pays the amount withheld directly to the levying officer, who then pays the judgment creditor. *See* Cal. Civ. Proc. Code §§ 706.021 - 706.025. A debtor has no interest in the garnished wages when the employer is required to pay or transfer said wages to the Sheriff directly. *In re Momentum Computer Sys., Int'l.*, 66 B.R. 512, 514 (N.D. Cal. 1986).

### 2. Postpetition Garnishments

An individual injured by any *willful* violation of a stay shall recover actual damages, including costs and *attorneys' fees*, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(k). A violation of the automatic stay is willful if the creditor acted with knowledge of the automatic stay, and those actions were intentional. *Eskanos & Adler*, 309 F.3d 1210, 1215 (9th Cir. 2002). "Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay." *In re Ramirez*, 183 B.R. 583, 589 (9th Cir. BAP 1995). As noted below, the court finds Gupta acted willfully in failing to return the garnished funds. However, the only actual damages identified at trial are the funds garnished. The court grants

Plaintiffs a judgment of $10.00 against defendant Gupta for the garnished funds.[4]

Attorney's fees can also be claimed as actual damages under § 362(k). However, fees cannot be awarded for the costs of recovering damages for a violation of the stay. "Once the violation has ended, any fees the debtor incurs after that point in pursuit of a damage award would not be to compensate for 'actual damages' under 362(k)(1)." *Sternberg v. Johnston*, 595 F.3d 937, 947 (9th Cir. 2010). Fees incurred in pursuit of a damage award are not recoverable under § 362(k). *Sternberg v. Johnston*, 595 F.3d at 947. Moreover, "attorney's fees have been denied in cases in which the creditor's violation of the stay was technical and any damages sustained by the debtor were minimal." *Bertuccio v. Cal. State Contrs. License Bd.* (*In re Bertuccio*), Case No. 04-56255, 2009 Bankr. LEXIS 3302, *22-23 n.7 (Bankr. N.D. Cal. Oct. 15, 2009).

The court finds it appropriate to award fees incurred by Plaintiffs' counsel from September 9, 2009, to April 12, 2010, in the amount of $1,800. Gupta repaid $1,779.58 on April 12, 2010, which is quite nearly the full sum due. On that date, the remaining balance was only $40.00, apparently attributable to fees imposed by the Sheriff. That amount is de minimis. Most of counsel's claimed $14,240 in attorney's fees were incurred after April 12, 2010, the point by which Gupta had repaid the Plaintiffs. It is not appropriate to award more than $12,000 in additional attorneys fees[5] for the prosecution of a lawsuit to collect such a small sum. The court also finds that these fees were incurred after the stay violation had ended for all intents and purposes. *See Sternberg v. Johnston*, 595 F.3d at 947.

        3. <u>Punitive Damages</u>

The standard for imposition of punitive damages for violation of the automatic stay is

---

[4] Calculated as follows:
    Amount garnished postpetition         $1819.58
    Funds returned by Gupta               <u>$1809.58</u>
    Total unpaid                            $10.00

[5] To the extent the attorney's fees are attributable to Plaintiffs' first cause of action under § 547(b), those fees are not recoverable.

1 whether the violator engaged in "egregious, intentional misconduct." *McHenry v. Key Bank* (*In re McHenry*), 179 B.R. 165, 168 (9th Cir. BAP 1995). The court does not find that Gupta's initial failure to stop the garnishment requires an award of punitive damages. He learned of the chapter 13 filing belatedly and did not apprehend his responsibilities at the conclusion of the meeting of creditors.

Gupta's failing in this case was in not promptly returning the money he obtained by the garnishment. Gupta delayed more than six months, without justification or excuse. The court finds his failure to promptly return the garnished funds until Plaintiffs commenced this lawsuit constitutes an intentional violation of the stay, and warrants an appropriate punitive award. Given the facts of this case, the court finds Gupta should pay $1,000 as punitive damages.

**IV. CONCLUSION**

For the foregoing reasons,

Judgment shall be entered in favor of Basset and against the Plaintiffs on all causes of action.

Judgment shall be entered in favor of Gupta and against the Plaintiffs on the first cause of action.

Judgment shall be entered in favor of the Plaintiffs and against Gupta on the second cause of action, in the amount of $2,810 ($10.00 in unpaid garnishment payments, $1,000 in punitive damages, and $1,800 in attorney's fees). Postjudgment interest shall accrue pursuant to 28 U.S.C. § 1961.

Bassett shall file a proposed form of judgment consistent with this order.

IT IS SO ORDERED.

* * * END OF ORDER * * *